IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ELBIT SYSTEMS LAND AND C4I LTD., ELBIT SYSTEMS OF AMERICA, LLC, | § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | Case No. 2:15-CV-00037-RWS-RSP |
| v. | | |
| HUGHES NETWORK SYSTEMS, LLC, BLUETIDE COMMUNICATIONS, INC., COUNTRY HOME INVESTMENTS, INC., | | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Sever and Transfer Claims Against Hughes Network Systems, LLC and Stay Claims Against the Two Remaining Customer Defendants. Dkt. 130. Defendants' motion is **DENIED**.

### BACKGROUND

Elbit filed this action on January 21, 2015. Dkt. 1. About 16 months later, on May 24, 2016, Hughes Network Systems, LLC ("Hughes"), BlueTide Communications, Inc. ("BlueTide"), and Country Home Investments, Inc. ("Country Home") electronically filed a "Sealed Document" via the Court's Case Management/Electronic Case Files ("ECF") system, requesting that the Court sever claims against Hughes, transfer those claims to the District of Maryland, and stay the remaining claims against BlueTide and Country Home. *See* Dkt. 130. Defendants' counsel did not file the Sealed Document as a "motion" using the appropriate ECF event.[1] Although the Clerk's

---

[1] The Court keeps track of pending motions by running motions reports through the ECF system, but a document that has not been electronically filed as a "motion" will not appear on a motions report or on the Court's biannual Civil Justice Reform Act Report. It would not be practical for the

1

Office ordinarily reviews filings as part of quality control, the Clerk's Office did not identify Defendants' sealed document, and the document was never converted into a pending motion in ECF. The case progressed, and Defendants' counsel did not bring the motion to the Court's attention until June 2, 2017, more than a year after it was filed and only about two months from trial.[2]

## DISCUSSION

"The delay associated with transfer may be relevant in 'rare and special circumstances,'" and the Fifth Circuit has found such circumstances present "where a 'transfer [of] venue would have cause yet another delay in [an already] protracted litigation." *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (quoting *In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir.2003) and *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989)). While "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer," *id.*, the failure to seek transfer until 18 months after the movant knew of the facts supporting transfer has been given significant consideration, *see Peteet*, 868 F.2d at 1436; *see also In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010) ("Without reasonable promptness on the part of the movant, a case proceeds, requiring the court to expend time and effort that might become wasted upon transfer."). Indeed, the purpose of § 1404(a) is "to facilitate just, convenient, efficient,

---

Court to periodically peruse each case on ECF to determine whether a motion might have been missed.

[2] *See* Judge Richard G. Kopf, "What to do when your summary judgment motion goes missing in federal court," Hercules and the Umpire (Sept. 13, 2013), https://herculesandtheumpire.com/2013/09/13/what-to-do-when-your-summary-judgment-motion-goes-missing-in-federal-court/ (last visited June 21, 2017, 2:00 PM) ("No federal judge that I know of would ever punish a litigant or lawyer because a concern about delay was respectfully voiced. The judge might be grumpy (read 'embarrassed'), but you won't be 'punished.'").

and less expensive determination." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).

With only a month left before trial begins, the Court confronts rare and special circumstances, to say the least. Notwithstanding the fact that Defendants only recently informed the Court about their pending transfer motion, Defendants waited some 16 months after the case was filed to seek transfer. Few if any facts allegedly supporting transfer were discovered in the course of litigation. There was no excuse to wait so long to seek transfer, all while "discovery was conducted, protective orders were issued, individual disclosures were turned over, infringement and invalidity contentions were exchanged, and an extensive amount of documents were produced." *Wyeth*, 406 at 477. Not to mention the numerous hearings and Orders from the Court during this time. Whether or not Defendants' 16 month delay alone is enough to warrant denial of transfer, it carries significant weight. *See Peteet*, 868 F.2d at 1436.

To make matters worse, Defendants did not file the transfer motion in a way that would bring the motion to the Court's attention. The motion was filed as a "sealed document" amongst a busy docket sheet that at the time had over 120 entries. While the Court readily admits some fault in not identifying the document as a motion, the Court cannot be required to regularly review docket sheets in individual cases to make sure that parties have filed their motions correctly. Motions sometimes fall through the cracks, and when that happens, the movant inevitably calls or emails the Court with a polite reminder. That did not happen in this case. Defendants' reminder did not come until more than a year after the motion was filed, with trial less than two months away. This too carries significant weight. *See Peteet*, 868 F.2d at 1436.

Finally, to the extent the Court is required to consider the relevant public and private interest factors under the rare circumstances of this case, the Court finds on the basis of the record

that existed at the time Defendants' motion was filed that Defendants' have not shown the District of Maryland to be clearly more convenient than this district. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").

## CONCLUSION

Defendants only request the combined relief of severance, transfer, and stay. Under the circumstances, transfer at this point is not warranted. Elbit has represented that it would agree to dismiss the remaining two customer defendants. Hughes is indemnifying those defendants in any event. Accordingly, there is no basis for severing and staying the customer suits in the absence of a justifiable reason to transfer the case against Hughes to the District of Maryland. Accordingly, Defendants' motion to sever, transfer, and stay, Dkt. 130, is **DENIED**.

**SIGNED this 23rd day of June, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE