IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ELBIT SYSTEMS LAND AND C4I LTD., § <br> ELBIT SYSTEMS OF AMERICA, LLC, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> HUGHES NETWORK SYSTEMS, LLC, § <br> § <br> *Defendant*. § | Case No. 2:15-CV-00037-RWS-RSP |

## ORDER ON MOTIONS *IN LIMINE*

Before the Court are Motions *in Limine* filed by Plaintiffs Elbit Systems Land and C4I Ltd. And Elbit Systems of America, LLC (collectively, "Elbit") (Dkt. 370) and by Defendant Hughes Network Systems, LLC ("Hughes") (Dkt. 370). The Court heard argument on the motions during the pretrial conference on June 26, 2017. For the reasons explained at the conference, the Court rules as follows. A party must approach the bench before introducing evidence or argument about the subject matter of a granted motion *in limine*.

## ELBIT'S MOTIONS *IN LIMINE*

1. Testimony or Argument Contrary to the *Markman* Order

    **DENIED**. Either party may object to witness testimony as being contrary to the Court's claim construction at trial.

2. PES Demonstration System

    **CARRIED**. Plaintiffs were given leave to take a deposition of Mr. Messineo in Michigan, not to exceed four hours. The deposition must be completed before the next pretrial conference. The Court will reconsider Plaintiffs' motion *in limine* in light of Mr. Messineo's testimony.

3. Relative Importance of Claim Elements

    **DENIED**.

1

4. Expert Testimony Not Disclosed in Expert Reports

    **GRANTED IN PART** and **DENIED IN PART** as follows: (1) Defendant is precluded from presenting evidence or argument that Mr. Elbert is an inventor of the subject matter claimed in the '073 patent; and (2) Defendant is precluded from relying on uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims. Defendant is also precluded from introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative, with the exception of books authored by Mr. Elbert. Defendant is otherwise not precluded from relying on uncharted prior art in the context of background material relevant to the technology at issue, state of the art, or establishing what one of skill in the art would have known at the time of the invention. The motion is otherwise denied with the understanding that expert testimony is always limited to the disclosure in the report. *See* Fed. R. Civ. P. 26(a)(2)(B), 37(c)(1).

5. Any Argument That Shiron Breached its 2008 Patent Commercialization Agreement With iLeverage

    **DENIED**.

6. References to Claims or Causes of Action That Have Been Dismissed or Dropped by Elbit to Narrow its Case for Trial

    **GRANTED** as to (1) evidence or argument that the *fact* that a claim or cause of action has been dropped or dismissed suggests that a product is not covered by the claims or that a third party does not infringe; and (2) evidence or argument that the *fact* that a product or third party was once accused but is no longer accused suggests the product is not covered by the claims or the third party does not infringe.

7. Products and Third Parties Not Accused of Infringement

    **GRANTED** as to evidence or argument that the *fact* that a party has not been sued for patent infringement suggests that the party does not infringe.

8. Defendants' Patents or Patent Applications as a Defense to Infringement

    **GRANTED** as to evidence or argument that Defendant's patents are a defense to infringement.

9. Criticisms of the USPTO and/or USPTO Employees and Speculation About Possible Examiner Responses

    **GRANTED BY AGREEMENT**. But does not prevent argument of invalidity.

10. References to Equitable Issues

   **DENIED** with the understanding that Defendant will not (1) present evidence or argument that is relevant only to an equitable issue, absent agreement; or (2) present evidence or argument that Plaintiffs are estopped or undeserving of damages because of Plaintiffs' delay in filing suit.

11. Elbit's Business Activities

    **GRANTED IN PART AS RECIPROCAL BY AGREEMENT** and **DENIED** as to Defendant's use of the phrase "hold up" as an economic term.

* * *

**HUGHES' MOTIONS *IN LIMINE***

1. Evidence or argument that the '073 Patent requires unclaimed features or capabilities

    **DENIED**.

2. Evidence or argument that "means for switching" satisfies the "switching means" or that a "decision to switch" at the remote terminal is not required by the claims

    **DENIED**.

3. Evidence or argument concerning the doctrine of equivalents

    **GRANTED BY AGREEMENT**.

4. Evidence or argument suggesting that the Personal Earth Station is not prior art because documents and source code were not public

    **DENIED**.

5. Evidence or argument that Advantech's products practice the asserted patents

    **GRANTED AS RECIPROCAL BY AGREEMENT**.

6. Evidence or argument that Defendant copied the '874 Patent

    **GRANTED BY AGREEMENT**.

7. Preclude References, Evidence, or Argument Regarding Financial Arrangements between Biscotti and Its Outside Counsel or Any Difficulties in Obtaining Financing for This Litigation.

    **CARRIED**.

8. Evidence or argument that Defendant had a duty to search or investigate patents

**GRANTED BY AGREEMENT** that Plaintiffs will not prevent evidence or argument that Defendant had a duty to search or investigate patents. Plaintiffs are not precluded from presenting evidence or argument that Defendant *did* investigate patents. In addition, Plaintiffs may refer to 37 C.F.R. § 11.18, which among other things relates to an applicant's certification that statements made to the Patent Office are true, but the Court will closely monitor any testimony related to this provision at trial.

9. Evidence or argument concerning purported statements by Kenneth Miller, deceased

    **CARRIED**.

10. Evidence or argument that violates the entire market value rule

    **GRANTED BY AGREEMENT** as to total revenues and net worth, **DENIED** as to unit prices including products and services.

11. Evidence or argument concerning the parties' Caltech-related discovery letters

    **GRANTED** as to discovery letters from Defendant's counsel.

12. Evidence or argument that Hughes' patents show infringement, validity, or the functionality of Hughes' products

    **GRANTED BY AGREEMENT** that Defendant's patents will not be used to show functionality of Hughes' accused products.

13. Evidence or argument suggesting that the Personal Earth Station was not inventive or first in time because Hughes did not seek its own patent

    **WITHDRAWN**.

14. Evidence or argument relating to indemnification agreements

    **GRANTED AS MODIFIED BY AGREEMENT**.

15. Evidence or argument of discovery deficiencies, violations, or spoliation

    **GRANTED** with the narrow exception that if a party relies on the absence of its own documents to establish a material fact, the opposing party may present evidence or argument about that party's document retention policy.

16. Evidence or argument for the presumption of validity

    **DENIED**.

17. Evidence or argument relating to expert's prior affiliations

    **GRANTED BY AGREEMENT**.

18. Improper argument regarding the burden of proof

    **GRANTED** (modified from ruling at pretrial conference). Before a party presents argument concerning the burden of proof in a different area of law, e.g., the burden of proof required to commit an individual to an institution, revoke parental rights, or terminate life support, the party must first approach the bench. This applies to any reference to the burden of proof in another area of law anticipated during voir dire.

19. Evidence or argument that the Court has power to dismiss frivolous suits

    **GRANTED**.

20. Evidence or argument relating to irrelevant lawsuits

    **GRANTED** to the extent that the parties will not discuss the terms of a license or agreement that neither party contends is comparable to the hypothetical license.

21. Reference to a priority or reduction to practice date earlier than the date of filing of the '073 Patent

    **DENIED AS MOOT** in light of Court's previous Order. *See* Dkt. 388.

22. Evidence or argument relating to the Gilat Settlement

    **WITHDRAWN**.

    **SIGNED this 4th day of July, 2017.**

    _____
    ROY S. PAYNE
    UNITED STATES MAGISTRATE JUDGE