FILED: **7/24/17**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **HUGHES NETWORK SYSTEMS, LLC,**
*Petitioner*

2017-130

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:15-cv-00037-RWS-RSP, Judge Robert Schroeder III.

**ON MOTION AND PETITION**

Before PROST, *Chief Judge,* BRYSON and TARANTO, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Hughes Network Systems, LLC petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to transfer this case to the United States District Court for the District of Maryland. Hughes also moves to stay the start of trial pending this court's consideration of its petition and to expedite briefing on the petition and the motion to stay.

This petition stems from a suit filed by Elbit Systems Land and C4i Ltd. and Elbit Systems of America, LLC

(collectively "Elbit") in January 2015 in the Eastern District of Texas accusing Hughes of patent infringement. Trial is scheduled to begin on July 31, 2017.

On May 24, 2016, Hughes moved the Eastern District of Texas to transfer the case to the District of Maryland pursuant to 28 U.S.C. § 1404. On June 3, 2017, Hughes filed another motion to transfer, this time pursuant to 28 U.S.C. § 1406, arguing, *inter alia*, that it did not "reside" in the Eastern District, as required under 28 U.S.C. § 1400(b) and as interpreted by the Supreme Court of the United States in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), which had issued twelve days prior to the filing of its motion.

The district court denied the motions. As to the motion to transfer under § 1404, the district court agreed with the magistrate judge's determination that Hughes' failure to seek transfer until 16 months after the case was filed weighed heavily against granting transfer. After considering each of the traditional § 1404 factors, the district court found that Hughes had not shown that the transferee venue was clearly more convenient for trial than the Eastern District of Texas. The district court also agreed with the magistrate judge that Hughes had waived its venue defense under § 1406.

A party seeking a writ bears the heavy burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). And even when those requirements are met, the court must still be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004). We cannot say that Hughes has met this standard.

IN RE: HUGHES NETWORK SYSTEMS, LLC                                  3

With respect to § 1404, we find no clear abuse of discretion on the part of the district court, particularly in light of the 16-month delay in moving for a transfer. It was not unreasonable for district court to conclude that the proper measure of the delay in seeking transfer was from the original complaint, not from the amended complaint.

We reach the same result with regard to the district court's disposition of the § 1406 issue. Without necessarily agreeing with the district court's conclusion that the Supreme Court's decision in *TC Heartland* did not effect a change in the law, we nonetheless find that the district court did not clearly abuse its discretion in finding that Hughes waived its right to move to transfer for improper venue. Our ruling is based largely on the fact that Hughes filed its motion only after the *TC Heartland* case was decided by the Supreme Court and less than two months before trial.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to stay is denied.

(2) The petition for writ of mandamus is denied

(3) The motion to expedite is denied as moot.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s26