IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ELBIT SYSTEMS LAND AND C4I LTD. and ELBIT SYSTEMS OF AMERICA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HUGHES NETWORK SYSTEMS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 2:15-cv-00037-RWS-RSP |

**ELBIT'S SUPPLEMENTAL NOTICE OF ATTORNEYS' FEES UNDER 35 U.S.C. § 285**

On April 13, 2018, Plaintiffs Elbit Systems Land & C4I Ltd and Elbit Systems of America, LLC (collectively, "Elbit") filed a Notice of Attorneys' Fees (Dkt. 545) pursuant to the Court's March 30, 2018, Memorandum Opinion and Order (Dkt. 540) granting Elbit's request for relief pursuant to 35 U.S.C. § 285. As indicated in its Fee Notice, Elbit's request included hours expended by Elbit's law firm, Covington & Burling LLP, only through March 31, 2018. *See* Dkt. 545 ("Fee Notice") at 2, n.2. Elbit reserved its right to file a supplemental notice to reflect time spent after that date and, specifically, the time spent in connection with preparing Elbit's fee request pursuant to the Court's March 30 Order. *See id*. This is that supplemental notice; Elbit here addresses *only* the additional fees sought in connection with the preparation and filing of the Fee Notice from April 2018, and not those identified in the April 13 Fee Notice itself.

Since April 1, Covington reasonably expended 260.1 hours—equivalent to $186,278.50— in preparing Elbit's Fee Notice (and supporting materials). *See generally* Calia Supp. Decl.

(submitted herewith). Accordingly, Elbit respectfully requests that the Court award $186,278.50 in addition those fees from Elbit's original request (Dkt. 545).

Counsel for the parties conferred on May 29, and Hughes indicated that it opposes this request because it believes the fees for preparation for the Fee Notice are excessive. Calia Suppl. Decl. at ¶ 4. During the May 29 meet and confer, Hughes did not disagree that the law permits award of reasonable fees incurred in connection with preparing a request for attorneys' fees.

*First*, as the parties agree, Elbit is entitled to recover fees reasonably incurred in connection with its request for attorneys' fees. "There is no question that an allowance of reasonable fees for presenting a successful fee petition is the only way a fee applicant can be made whole. If it must absorb the cost of proving the appropriate amount, it will be sacrificing part of the award." *Hickory Farms, Inc. v. Snackmasters, Inc.*, No. 05 C 4541, 2008 WL 4542961, at *11 (N.D. Ill. Apr. 2, 2008) (internal citations and quotation marks omitted); *see also Mathis v. Spears*, 857 F.2d 749, 756 (Fed. Cir. 1988) (approving §285 fees award of "fees for preparation of [prevailing party's] motions for attorney fees."). Indeed, courts routinely award supplemental attorneys' fees to account for the time spent in preparing the fee request itself. *See, e.g., Kellogg v. Nike, Inc.*, No. 8:07CV70, 2010 WL 323994, at *6 (D. Neb. Jan. 20, 2010), *aff'd*, 421 F. App'x 971 (Fed. Cir. 2011) (awarding fees under § 285 "in the amount of $355,354.00" and an additional award of "$32,401.00 in attorneys' fees for the preparation of the application for fees."); *Howes v. Med. Components, Inc.*, 761 F. Supp. 1193, 1201 (E.D. Pa. 1990) (awarding an additional $43,235 for preparation of fee petition, representing 204.5 hours of attorney/paralegal work); *Hickory*, No. 05 C 4541, 2008 WL 4542961, at *1 (N.D. Ill. Apr. 2, 2008) (awarding $281,959.50 in attorney's fees and "an additional $37,757.93 for fees incurred in connection with this fee petition.").

*Second*, the number of hours expended in preparing Elbit's Fee Notice (*i.e.*, 260.1 hours) is reasonable. As Elbit's Fee Notice and supporting documentation evinces, significant time was required to review thousands of time entries (on an line-by-line basis and for two law firms) to determine suitability for inclusion in Elbit's Fee Notice. *See* Calia Supp. Decl. at ¶¶ 5-9. Elbit also conducted extensive legal research, carefully redacted privileged information, evaluated publicly-available information about comparable billable rates, conferred with Hughes and even modified its request where accommodation was possible, and, of course, prepared its Fee Notice and voluminous supporting exhibits and declarations. *Id.* Moreover, Elbit had only two weeks from the Court's March 30 Order to accomplish this. (Dkt. 540 at 53.) Elbit completed this arduous task in two weeks through a team comprising of two partners (Kurt Calia and Ranganath Sudarshan), four associates (Brad Ervin, Yale Fu, Rajesh Paul, and Udit Sood), two patent litigation specialists with significant experience in fee requests (Mark Gelsinger and Danute Abrishami), and the senior paralegal from the litigation (Julie Romanow). Calia Supp. Decl. at ¶¶ 8, 10-14. While Hughes has suggested that Elbit has already asked the Court for nearly a half-million dollars related to its fee request, this is inaccurate—the majority of Elbit's work in preparing its Fee Notice was performed *after* the Court's March 30 Order granting Section 285 relief. *Id*. at ¶ 4. As noted above, Elbit's Fee Notice only covered Covington's time until March 31. The 260.1 hours that this Supplemental Notice relates to covers work performed between April 1 and April 20, 2018. *Id*. at ¶ 3; Ex. A.

*Third*, the hourly rates charged by Elbit's attorneys and paralegals are reasonable. Elbit will not here repeat its explanation for why the rates of the timekeepers identified in its Fee Notice are appropriate. Instead, in the Supplemental Declaration of Kurt Calia, Elbit explains why the rates of three additional timekeepers involved in the preparation of the Fee Notice (Bradley Ervin, Mark Gelsinger, and Danute Abrishami) are reasonable. *Id*. at ¶¶ 21-23.

3

\* \* \*

Elbit is entitled to recover fees for preparation of its Fee Notice and supporting materials. Hughes does not dispute this. Moreover Elbit's attorneys and other professionals expended a reasonable number of hours in preparing these materials, and because the identified hourly rates are reasonable and commensurate with the prevailing rates in the relevant market, the Court should award Elbit's supplemental request and direct Hughes to pay Elbit $186,278.50 in addition to the fees sought in Elbit's April 13 Fee Notice.

Dated: May 29, 2018

Respectfully submitted,

*/s/ Kurt G. Calia*
Kurt G. Calia – LEAD ATTORNEY
Cal. Bar No. 214300
**Covington & Burling LLP**
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 632-4700
*kcalia@cov.com*

Ranganath Sudarshan
Cal. Bar No. 244984
**Covington & Burling LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
*rsudarshan@cov.com*

Wesley Hill
Tex. Bar No. 24032294
**Ward, Smith & Hill PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
(903) 757-6400
*wh@wsfirm.com*

*Attorneys for Plaintiffs*
*Elbit Systems Land and C4I Ltd. and Elbit*
*Systems of America, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 29th day of May, 2018.

*/s/ Kurt G. Calia*
Kurt G. Calia