## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ELBIT SYSTEMS LAND AND C4I LTD. and ELBIT SYSTEMS OF AMERICA, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2:15-cv-00037-RWS-RSP |
| HUGHES NETWORK SYSTEMS, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## ELBIT'S FINAL SUPPLEMENTAL NOTICE OF ATTORNEYS' FEES UNDER 35 U.S.C. § 285

On October 25, 2019, Plaintiffs Elbit Systems Land & C4I Ltd and Elbit Systems of America, LLC (collectively, "Elbit") filed their "Joint Supplemental Notice Regarding Attorneys' Fees Under 35 U.S.C. § 285 Pursuant to the Court's September 18, 2019 Order [Dkt. 571]," Dkt. 578.   In addition, each side filed their respective fee-related arguments and supporting documentation.  Elbit's submission, entitled "Elbit's Revised Quantification of Attorneys' Fees" (Dkt. 579) (hereinafter, "Elbit's Supplemental Fee Notice"), was accompanied by (a) Exhibits A-F (Dkt. 582-1 through 582-6), which are spreadsheets detailing the attorneys' fees expended by Elbit's two law firms, Covington & Burling LLP and Ward, Smith & Hill, PLLC, (b) a Second Supplemental Declaration of Kurt G. Calia (Dkt. 581) and exhibits thereto (Dkt. 581-1 through 582-48), and a Supplemental Declaration of Wesley Hill (Dkt. 579-1).   Those materials, collectively, set forth Elbit's attorneys' fees request for fees incurred from the start of Hughes's misconduct through September 30, 2019.

However, as indicated in its Supplemental Fee Notice, because Elbit's request included hours expended by Elbit's law firms only through September 30, 2019 and because Elbit anticipated expending (and did expend) additional fees thereafter, Elbit reserved its right to file a supplemental notice to reflect time spent after that date and, specifically, the time spent in October 2019 in connection with preparing Elbit's Supplemental Fee Request pursuant to the Court's September 18, 2019 Order.  *See* Dkt. 579 at n.2.

This is that supplemental (and final) fee-related notice.  Elbit here addresses *only* the additional fees sought in connection with the preparation and filing of the Supplemental Fee Notice during October 2019, which have not previously been provided to the Court.  Elbit does not here provide any further substantive argument as to the nature and extent of Hughes's misconduct, as that subject has been fully briefed by the parties and therefore not further argument is necessary or appropriate.

Since September 30, 2019 Covington reasonably expended 250.2 hours—equivalent to $195,263.50—in preparing Elbit's Supplemental Fee Notice (and supporting materials).  *See generally* Third Supplemental Declaration of Kurt G. Calia In Support of Elbit's Revised Quantification of Attorneys' Fees Under 35 U.S.C. § 285 Pursuant to the Court's September 18, 2019 Order [Dkt. 571] (hereinafter, "Calia 3rd Supp. Decl."), submitted herewith.

For the reasons explained below and supported by the supplemental declaration and Exhibit G[1] submitted herewith, Elbit respectfully requests that the Court award $195,263.50 in addition to the $8,789,657.36 in fees described in Elbit's Supplemental Fee Notice (Dkt. 579).  <u>For the sake of clarity, Elbit's total fee request, accounting now for all fee-related filings, is **$8,984,920.86**</u>.

---

[1] Elbit has included its October 2019 fees in Exhibit G; this follows the sequence of the fee spreadsheets of Ex. A-F (Dkt. 581-1 through 582-6) submitted with its Supplemental Fee Notice (Dkt. 579).

Hughes has already taken the position that it should not be required to pay more than the arbitrary and unexplained figure of $30,000 (which is not benchmarked against Hughes's own fees for the same activities, for example) for the preparation of the fee notice, arguing that the fees were expended because of Elbit's unwillingness to acknowledge the applicability of the *Goodyear* case's "but for" causation requirement.  Dkt. 580 at 25626.  Elbit has already explained why Hughes's reliance on *Goodyear* is misplaced (Dkt. 579 at 13-17), and those arguments will not be repeated here.  Elbit believes its entitlement to fees expended in connection with its fee-related submissions is amply supported.

*First*, Elbit is entitled to recover fees reasonably incurred in connection with its request for attorneys' fees. "There is no question that an allowance of reasonable fees for presenting a successful fee petition is the only way a fee applicant can be made whole. If it must absorb the cost of proving the appropriate amount, it will be sacrificing part of the award." *Hickory Farms, Inc. v. Snackmasters, Inc.*, No. 05 C 4541, 2008 WL 4542961, at *11 (N.D. Ill. Apr. 2, 2008) (internal citations and quotation marks omitted); *see also Mathis v. Spears*, 857 F.2d 749, 756 (Fed. Cir. 1988) (approving §285 fees award of "fees for preparation of [prevailing party's] motions for attorney fees."). Indeed, courts routinely award supplemental attorneys' fees to account for the time spent in preparing the fee request itself. *See, e.g., Kellogg v. Nike, Inc.*, No. 8:07CV70, 2010 WL 323994, at *6 (D. Neb. Jan. 20, 2010), *aff'd*, 421 F. App'x 971 (Fed. Cir. 2011) (awarding fees under § 285 "in the amount of $355,354.00" and an additional award of approximately 10% of the fee award for time expended in preparation of the application for fees."); *Howes v. Med. Components, Inc.*, 761 F. Supp. 1193, 1201 (E.D. Pa. 1990) (awarding an additional $43,235 for preparation of fee petition, representing 204.5 hours of attorney/paralegal work); *Hickory*, No. 05 C 4541, 2008 WL 4542961, at *1 (N.D. Ill. Apr. 2, 2008) (awarding $281,959.50

in attorney's fees and an additional award of approximately 13% for fees incurred in connection with this fee petition.").  Indeed, *none* of the fees incurred in connection with the fee-related submissions would have been expended had the Court not already concluded that an award of attorneys' fees is appropriate in light of Hughes's "egregious" and "bad faith" misconduct that "littered" the proceedings.  Dkt. 540 at 50-54.

*Second*, the number of October 2019 hours expended in finalizing and filing Elbit's Supplemental Fee Notice (*i.e.*, 250.2 hours) is reasonable. As explained in the accompanying supplemental declaration and detailed in the attorneys' fees spreadsheet (Exhibit G) filed herewith, significant time was required to complete Elbit's fee-related submissions.  Specifically, during October 2019, this effort required near-daily communications with opposing counsel, attending to multiple extension requests and related submissions, working with our co-counsel at Ward, Smith & Hill PLLC to assist in finalizing its fee-related submissions, conducting a detailed review and analysis of Elbit's invoices (through the life of the case) and the voluminous record in this case to capture the full scope of Hughes's misconduct (which is detailed in Elbit's Supplemental Fee Notice), and preparing Elbit's Supplemental Fee Notice and supporting documentation submitted to the Court as Dkt. 579, Dkt. 579-1, Dkt. 581, Dkt. 581-1 through Dkt. 581-48, Dkt. 582, and Dkt. 582-1 through Dkt. 582-6.  *See* Calia 3rd Supp. Decl. at ¶ 9.  This effort also involved a review and analysis of the draft materials provided to Elbit by Hughes's counsel, and further review and revision of Elbit's Supplemental Fee Notice and accompanying materials to address the arguments advanced by Hughes seeking to minimize the fees it should be required to pay.  *Id.*  Elbit also conducted extensive legal research, carefully redacted privileged information, and evaluated publicly-available information about comparable billable rates. *Id.*

Moreover, Elbit accomplished all of this within five weeks of the Court's September 18, 2019 Order, Dkt. 571.  Elbit completed this arduous task with a team comprising of two partners (Kurt Calia and Ranganath Sudarshan), four associates (Grant Johnson, Yale Fu, Udit Sood, and Patrick Flynn), and two senior paralegals (Julie Romanow and William Jerboe), all but one of whom were on the original trial team and who were thus able to perform these activities efficiently. *See* Exhibit G; Calia 3rd Supp. Decl. at ¶¶ 14.

*Third*, the hourly rates charged by Elbit's attorneys and paralegals are reasonable. Elbit will not here repeat its explanation for why the rates of the timekeepers identified in its Supplemental Fee Notice are appropriate, and refers the Court to its previously-provided explanation.  Dkt.  545 at 7-10; Dkt. 545-9 at 8-10, 13-14, and 21-23; Dkt. 579 at 80; Dkt. 582-3 (Exhibit C).

*       *       *

Accordingly, and for the reasons that Elbit has explained to the Court in painstaking detail, Elbit respectfully requests that the Court award **$8,984,920.86** in attorneys' fees pursuant to 35 U.S.C. § 285 as fees Elbit expended that bear relation to Hughes's extensive, bad-faith misconduct.

Dated: November 26, 2019

Respectfully submitted,

*/s/ Kurt G. Calia*
Kurt G. Calia – LEAD ATTORNEY
Cal. Bar No. 214300
**Covington & Burling LLP**
3000 El Camino Real
5 Palo Alto Square, 10th floor
Palo Alto, CA  94306
(650) 632-4700
*kcalia@cov.com*

Ranganath Sudarshan

Cal. Bar No. 244984
**Covington & Burling LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
*rsudarshan@cov.com*

Wesley Hill
Tex. Bar No. 24032294
**Ward, Smith & Hill PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
(903) 757-6400
*wh@wsfirm.com*

*Attorneys for Plaintiffs*
*Elbit Systems Land and C4I Ltd. and Elbit*
*Systems of America, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 26th day of November, 2019.

*<u>/s/  Kurt  G.  Calia</u>*
Kurt G. Calia
